Leroy PEARSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45806.

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Rehearing Denied Nov. 29, 1972.

Richard D. Bird, Childress, for appellant.

Jack B. Boone, Dist. Atty., Memphis, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a revocation of probation appeal.

Appellant was convicted of assault with intent to murder on October 8, 1971, assessed a two (2) year penalty and placed

on probation. Among the terms of his probation were:

"(2) Commit no offense against the laws of this or any other State or the United States."

"(12) Not drink intoxicating beverages of any kind."

On November 15, 1971, the State filed a motion to revoke probation alleging that on November 2, 1971, the appellant violated the above conditions of his probation by disturbing the peace and being in a state of intoxication.

Appellant's sole contention is that the court abused its discretion in revoking his probation.

At the revocation hearing on November 24, 1971, Childress Police Sergeant Joe Ricks testified that on the night in question he observed the appellant on a road outside of Childress and, at the appellant's request, stopped his car. He further testified that he smelled whiskey on the appellant's breath and observed, by the appellant's gestures and loud manner, that he had been drinking.

Ricks also testified that later that evening, in response to a disturbance call, he and Officer Harold Colley went to "Bill's Place", a local cafe, and arrested the appellant who appeared to be even "a little drunker" than earlier. Officer Colley testified that the appellant appeared to have been drinking heavily when they arrested him.

The defense called several witnesses who stated that the appellant was not involved in a disturbance at "Bill's Place" and that he had not been drinking either on the night in question or at any time since he was placed on probation. The appellant testified in his own behalf.

The Court concluded that the evidence did not support the State's allegation that the appellant disturbed the peace, but found the appellant had consumed alcoholic beverages in violation of his probation.

We find no abuse of discretion.

The judgment is affirmed.