Gonzalo GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 50514.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Guy H. McNeely, Wichita Falls, Court appointed, for appellant.

Tim Eyssen, Dist. Atty. and James B. Ammons, Asst. Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

■ This is an appeal from an order revoking probation. In December of 1973 appellant was indicted for the offense of assault to murder with malice under Art. 1160 of our former Penal Code. On March 13, 1974, in a trial before the court, appellant was found guilty of assault to murder without malice.[1] The trial court assessed punishment at five years, probated.

1. The judgment recites only that appellant was convicted of assault with intent to kill. However, every other subsequent document filed—including the "judgment of probation," the motion to revoke probation, the order revoking probation, and the sentence—indicates that the conviction was for assault to murder *without malice.* Accordingly, the judgment will be reformed to reflect that appellant was found guilty of assault to murder without malice. See, e. g., *Castaneda v. State,* 491 S.W.2d 885, 887 (Tex.Cr.App.1973).

■ Condition two of appellant's probation was that he "avoid injurious or vicious habits. (Such as, the use of . . . alcoholic beverages . . . )." Condition five was that appellant "refrain from entering or frequenting any place of ill repute or desreputable [sic] or harmful character (Eg: bars, bawdy houses . . . )."

The State alleged, and the court found, that appellant violated these conditions by "consuming alcoholic beverages at the Rock Inn, on or about the 9th day of August, 1974, in Wichita County, Texas." The court revoked appellant's probation and sentenced him to serve not less than two nor more than five years.

In full compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969), appellant's court-appointed counsel has filed a brief urging one arguable ground of error. He has, however, urged as arguable support for the appeal, *Anders,* supra, 386 U.S. at 744, 87 S.Ct. 1396, the contention that "a person can [not] be sent to the Texas Department of Corrections for drinking intoxicating beverages." He recognizes that *Pearson v. State,* 486 S.W.2d 576 (Tex.Cr.App.1972), provides authority which serves to overrule this contention.[2] We adhere to our holding in *Pearson* and decline to "turn [the trial court] around pronto," as counsel has suggested we do.

We feel compelled to take this opportunity to laud counsel[3] for his efforts in complying with *Anders v. California,* supra. Compare *Gainous v. State,* supra. Counsel

2. Compare *Kubat v. State,* 503 S.W.2d 258 (Tex.Cr.App.1974), where we upheld a similar contention and reversed. In that case, however, the allegation was that the probationer had been "drinking excessively," while the evidence showed only a mild case of consumption. Moreover, that probationer was merely required to avoid vicious and injurious habits, while the appellant in the present case was, in addition, given specific examples of particular habits he should avoid.

3. The Honorable Guy H. McNeely.

has not only referred to a legal issue which might arguably support the appeal; he has also argued that issue in his brief (while conceding that binding authority was against him); he has delivered a copy of the brief to appellant; and he has "secured an order of the Trial Judge giving Gonzalo another month in which to file a brief herein." Going further, he asked every lawyer he saw "if he, or she nowadays, [knew] of any case applicable to the issue." In his brief he reports that:

> "Some lawyer, name forgotten, told him about *PALAFOX V. STATE*, by Judge Onion [Tex.Cr.App.], 509 SW–2 page 846. This lawyer did not see how that case could help Gonzalo but the Court can read it and if the Court thinks it does Gonzalo would appreciate it."

Sure enough, as counsel observed, *Palafox* does not yield comfort to his client.[4] However, that name-forgotten lawyer, well-intentioned to be sure, managed to overlook a case which does help appellant. The case is *Welcome v. State*, 438 S.W.2d 99 (Tex.Cr.App.1969), where we held that the double penalty provisions of Article 1160 could not be invoked in the absence of allegations in the indictment making the double penalty provisions applicable.

■ Here, as in *Welcome*, the appellant was charged with assault to murder with malice.[5] The court found him guilty of assault to murder without malice and assessed punishment at five years. Without the double penalty provisions of Article 1160, the maximum punishment for this offense is three years. Since the State did not allege any of the special factors which give rise to the double penalty provisions, the sentence of five years is void. *Welcome v. State*, supra.

4. In *Palafox*, we found it unnecessary to reach the issue which counsel now brings forward.

5. Omitting the formal parts, the indictment reads: "that Gonzalo Gonzales on or about the 7th day of December A.D., 1973 and anterior to the presentment of this Indict-

■ Nor can it be said that the punishment assessed was authorized because it was within some applicable punishment range under our new Penal Code. The record contains no written motion requesting that appellant be sentenced under the provisions of the new Code. In the absence of such a motion, the court must assess a defendant's punishment within the punishment range provided by the former Code. Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 6(c), eff. Jan. 1, 1974. Compare Section 6.01(c) of the Controlled Substances Act, Vernon's Ann.Civ.St., Art. 4476–15, and *Saunders v. State*, 511 S.W.2d 281 (Tex.Cr.App.1974).

The punishment is set aside, and the case is remanded for a proper assessment of punishment by the trial judge.

DOUGLAS, J., concurs in the results.

ment, in the County of Wichita and State of Texas, did then and there unlawfully with malice aforethought make an assault in and upon Jesse Diaz, Jr. with the intent then and there to kill the said Jesse Diaz, Jr." This is almost exactly the form used in the indictment in *Welcome v. State*, supra at 100.