Affirmed and Majority and Dissenting Opinions filed February 7, 2006









Affirmed
and Majority and Dissenting Opinions filed February 7, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00631-CR

____________

 

MICHAEL
CADET MAPES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 949,878

________________________________________________________

 

D I S S E N T I N G   O P I N I O N

The majority correctly holds that
appellant was convicted in 2000 for Class A misdemeanor driving while intoxicated
(ADWI@) and
that this conviction is void because the punishment assessed was below the
statutory minimum.  However, the majority
errs in adopting the reasoning of Ex parte Shoe that, while appellant
cannot waive his right to challenge this void judgment, he can be estopped from
asserting that it is void because he enjoyed the benefits of the sentence.  See 137 S.W.3d 100, 102 (Tex. App.CFort
Worth 2004, pet. granted).  Shoe
contradicts existing law and should not be followed.  








Although the estoppel
issue is currently pending before the Court of Criminal Appeals, existing
precedent compels the rejection of estoppel principles in challenges to void
judgments.

 








On March 3, 2000, after appellant
pleaded guilty to Class A misdemeanor DWI, a county criminal court-at-law
sentenced him to twenty-four days=
confinement, even though the minimum statutory term of confinement for such an
offense is thirty days.  The majority
correctly concludes that, because this sentence fell outside the statutory
range of punishment for this offense, it was unauthorized by law and illegal,
making the judgment in that case void.  See,
e.g., Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)
(stating that, if punishment assessed is less than the minimum provided by law,
the sentence is unauthorized and illegal, making the judgment of conviction
void and subject to attack on direct appeal, by habeas corpus, or in any court
with jurisdiction over a criminal case). 
Although the majority recognizes that appellant cannot waive his right
to be sentenced within the proper range of punishment, the majority concludes
that appellant is estopped from complaining about this void conviction because
he enjoyed the benefits of his twenty-four day, plea-bargained sentence.  See ante at pp. 6B7.  The conclusion reached by the majority (and
by the Shoe court) is contrary to at least three decisions from the
Court of Criminal AppealsCWilliams
v. State, Heath v. State, and Fullbright v. State.[1]
 See ante at pp. 6B7; Ex
parte Shoe, 137 S.W.3d at 101 (stating that this estoppel issue was an
issue of first impression in Texas); Ex parte Williams, 65 S.W.3d
656, 657B58 (Tex.
Crim. App. 2001) (disapproving of Heath to the extent that it extended
legal rules regarding illegal sentences to a probation order but indicating
that those legal rules are correct as to illegal sentences); Fullbright v.
State, 818 S.W.2d 808, 809B10 (Tex.
Crim. App. 1991) (holding that appellant was not barred from asserting that
prior conviction was void, even if he already had accepted the benefits of the
lenient sentence thereunder and stating that a defendant may raise a defect
that renders a sentence void at any time); Heath v. State, 817 S.W.2d
335, 338B39 (Tex.
Crim. App. 1991) (holding, in four-judge plurality opinion, that appellant, who
enjoyed the benefits of his plea bargain for an impermissibly lenient and void
sentence, was not estopped from asserting that his sentence was void because
principles of estoppel do not apply to illegal sentences, which are void), overruled
in part on other grounds by Ex parte Williams, 65 S.W.3d at
656B57.

In Fullbright, the
Fort Worth Court of Appeals held that Fullbright was barred from complaining
about his allegedly illegal sentence for a prior offense because he already had
accepted the benefits of that lenient sentence. 
See Fullbright, 818 S.W.2d at 809.  The Court of Criminal Appeals noted that such
complaints may be raised at any time and rejected the intermediate court=s
application of estoppel principles to a conviction that is void based on an illegal
sentence.  See id. at 809B10.  The Fullbright court also held that
the trial court committed harmful error in denying the Fullbright=s motion
to quash an enhancement allegation regarding this void conviction in an
indictment regarding a subsequent offense.  See id. at 810B11.  








In Heath, a four-judge
plurality of the Court of Criminal Appeals also rejected the State=s
argument that an appellant was estopped from asserting the illegality of a
prior sentence because he already had enjoyed the benefits of that
sentence.  See Heath, 817 S.W.2d
at 338B39.  The appellant in Heath had pleaded
guilty to the charged offense of aggravated robbery based on a plea bargain
agreement.  See id. at 336.  The trial court found him guilty, followed
the plea bargain agreement, assessed punishment at ten years=
confinement, and suspended imposition of the sentence, placing him on probation
for ten years.  Id.  The State later moved to revoke the
probated sentence.  Id.  The trial court held a hearing, revoked Heath=s
probation, and sentenced him to eight years=
confinement.  The court of appeals
affirmed.  Id.  On original submission, the Heath
plurality affirmed the following legal principles: (1) a judgment inflicting
punishment  not authorized by law is
void; (2) Heath did not waive the issue by failing to complain in the trial
court because a defect that renders a sentence void may be raised at any time;
and (3) when the void sentence is obtained as a result of a plea bargain
agreement, and specific performance is not an alternative, the proper remedy is
to order the guilty plea withdrawn and to return the parties, including the
State, to their original positions.  See id. at 336B37.  The Court of Criminal Appeals reversed the
judgment of the court of appeals and remanded the case to the trial court with
orders to withdraw Heath=s plea
and have Heath re-plead to the indictment.  See id. 

On rehearing in Heath, the
State argued that the Court of Criminal Appeals erred on original submission by
failing to apply the doctrine of estoppel.  See id. at 338.  The Heath plurality analyzed and
disapproved of several prior cases and noted that the Court of Criminal Appeals
has long held that illegal sentences are void. 
See id. at 339.  The Heath
plurality recognized the following principles: (1) when a plea bargain
calls for a sentence not authorized by law, the defendant=s plea
must be withdrawn; (2) if the court applied the doctrine of estoppel in
situations in which the parties and the trial court unknowingly enter into
unauthorized plea bargain agreements, it would be treating those errors as
punishment error only, which is incompatible with the concept of negotiated
pleas and reflects a theory that the Court of Criminal Appeals has specifically
disavowed; and (3) estoppel does not apply to a challenge to an illegal
sentence.  See id. at 339B40. 








In both Fullbright and Heath,
the Court of Criminal Appeals applied precedents regarding illegal sentences
and rejected the application of estoppel principles to challenges to what it
determined were illegal sentences.  See
Fullbright, 818 S.W.2d at 809B10; Heath,
817 S.W.2d at 338B39.  However, in Williams, the Court of
Criminal Appeals held that the Heath plurality erred to the extent it
extended legal doctrines regarding sentences to probation orders.  See Ex parte Williams, 65
S.W.3d at 657B58.  According to the Williams court, the Heath
plurality improperly equated an unauthorized order of probation with an illegal
sentence.  See id.  Although the Williams court did not
mention Fullbright, Fullbright seems to have erred to the same
extent.  See id.  The Williams court disapproved of Heath
on this limited basis only.  See id.  The Williams court discusses Heath,
including its rejection of the applicability of estoppel principles, and then
indicates that the Heath court=s
statement of legal doctrines relating to sentences was correct but that in Heath
the court erroneously extended these principles to probation orders.[2]  See id.  After Williams, courts of appeals have
recognized the continued validity of the legal doctrines stated in Fullbright
and Heath as applied to illegal sentences rather than probation
orders.  See Rhodes v. State, 175
S.W.3d 348, 352 n.1 (Tex. App.CHouston
[1st Dist.] 2004, pet. filed) (noting that the Court of Criminal Appeals
partially abrogated Fullbright but that the remainder of Fullbright
is still good law); Scott v. State, 988 S.W.2d 947, 948B49 (Tex.
App.CHouston
[1st Dist.] 1999, no pet.) (citing Heath as good law in non-probation
case regarding illegal sentence); Ortiz v. State, No. 14-00-00646-CR,
2001 WL 1249257, at *1 (Tex. App.CHouston
[14th Dist.] Oct. 18, 2001, no pet.) (relying on Heath=s
statement of the law as to illegal sentences but noting that Williams overruled
Heath in part on other grounds) (not designated for publication).








Appellant=s 2000
conviction does not involve an allegedly unauthorized probation order.  Therefore, the part of Fullbright and Heath
disapproved in Williams is not an issue in this case.  Under Fullbright, Heath, and Williams,
the Court of Criminal Appeals has instructed this court that the doctrine of
estoppel does not apply to situations like the one presented in this caseCappellant=s
assertion that his 2000 conviction is void based on an illegal sentence.  See Ex parte Williams, 65
S.W.3d at 657B58; Fullbright, 818
S.W.2d at 809B10; Heath, 817 S.W.2d at
338B39.  This issue is once again before the Court of
Criminal Appeals in the Shoe case. 
Although the estoppel issue has been submitted in Shoe, to date,
the Court of Criminal Appeals has not ruled. 
This court, as an intermediate court of appeals, is bound by controlling
authority from the Court of Criminal Appeals.  See Zarychta v. State, 44 S.W.3d 155, 162
(Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).  Because controlling authority from our high
court requires this court to reject the State=s
estoppel argument, the majority errs in following the analysis of the Fort
Worth Court of Appeals in Shoe instead of precedent from the Court of
Criminal Appeals in Fullbright, Heath, and Williams.  See, e.g., Scott v. State, 988
S.W.2d 947, 948B50 (Tex.
App.CHouston
[1st Dist.] 1999, no pet.) (holding sentence that was below the statutory
minimum was void in a situation in which appellant had benefitted from the
lesser sentence). 

Even absent controlling
precedent, estoppel should not apply to complaints about a void judgment that
can be raised at any time.

 








Even without the above-discussed
controlling precedent, the better rule is to bar the application of estoppel in
these situations because Texas law holds judgments containing illegal sentences
to be void judgments that may be challenged at any time.  Judgments assessing punishment outside the
statutory range of punishment are not void for lack of jurisdiction.  See Ex parte Seidel, 39
S.W.3d 221, 225 & n.4 (Tex. Crim. App. 2001) (stating that judgments
imposing unauthorized sentences do not create a lack of jurisdiction).  Nonetheless, the Court of Criminal Appeals
has stated that such unauthorized judgments impose illegal sentences and are
nullities from the beginning.  See
Mizell, 119 S.W.3d at 806 & n.7 (stating that sentence
outside the range of punishment is illegal, rendering the judgment void and
subject to direct or collateral attack); Ex parte Seidel, 39 S.W.3d at
225 & n.4 (stating that these judgments impose illegal sentences and are a
nullity from the beginning); Fullbright, 818 S.W.2d at 809 (holding that
defect that renders sentence void may be raised at any time); Heath, 817
S.W.2d at 339 (stating that illegal sentences are void); Gonzales v. State,
527 S.W.2d 540, 542 (Tex. Crim. App. 1975) (finding punishment for offense of
assault without the double penalty provisions below the statutory minimum and
therefore void).  Accordingly, parties
may attack these judgments at any time, including on direct appeal, by habeas
corpus, or by collateral attack.  See
Ex parte Seidel, 39 S.W.3d at 225 & n.4 (stating that judgments that
impose unauthorized sentences are a nullity from the beginning and subject to
direct or collateral attack at any time); Dillard v. State, 177 S.W. 99,
107 (Tex. Crim. App. 1915) (stating that assessment of punishment at less than
the statutory minimum can be raised at any time because Texas courts have no
right to assess punishment not authorized by Texas law) (op. on rehearing); see
also McClinton v. State, 121 S.W.3d 768, 771B72 (Tex.
Crim. App. 2003) (stating, in concurring opinion by Judge Cochran, that Aboth
trial and appellate courts may always take cognizance of an illegal or
unauthorized sentence@).  Because a void judgment is a legal nullity
and has no binding force or effect, see Ex parte Seidel, 39 S.W.3d at
225, equitable principles like estoppel cannot breathe life into it.








Furthermore, because a judgment
that imposes an unauthorized sentence is void, it cannot dispose of the
case.  The case remains pending and the
parties, even though the trial court=s plenary
power appears to have expired, may file a motion to re-open the case to remedy
the illegal sentence.  See Mizell,
119 S.W.3d at 806 & n.7; Villarreal v. State, 590 S.W.2d
938, 938B39 (Tex.
Crim. App. 1979) (holding that trial court had authority, five months after
sentencing, to grant the State=s motion
to reopen punishment and assess a different and proper punishment because
initial judgment contained unauthorized punishment that rendered judgment
void); Cooper v. State, 527 S.W.2d 898, 898B99 (Tex.
Crim. App. 1975) (holding that trial court did not err in resentencing
appellant after he already had been confined in jail under his original
sentence because original sentence was less than statutory minimum, rendering
the judgment void); Banks v. State, 29 S.W.3d 642, 645 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d)
(holding that trial court did not err in resentencing appellant three days
after his original sentencing because his original sentence was not authorized
by law and therefore void).  Appellant
has an absolute and nonwaivable right to be sentenced within the proper range
of punishment established by the legislature.  See Speth, 6 S.W.3d 530, 532B33 (Tex.
Crim. App. 1999).  As the Court of
Criminal Appeals has explained: 

[T]he case law. . .
involving void sentences has viewed legislatively defined sentencing schemes
that are explicit about the applicable range or category of punishment as
absolute, systemic features of the system, such that their application cannot
be waived.  That is, a defendant=s Aright@ to be sentenced to a term
within the defined Auniverse of punishments
applicable to the offense@ is absolute and
nonwaivable. 

 

Speth, 6 S.W.3d at 533
n.5.  

As shown above, Texas law treats
appellant=s right to be sentenced within
the proper range of punishment established by the legislature with a high
degree of solicitude.  The majority
concedes that appellant cannot waive this right.  Even if there were no controlling authorities
specifically on the estoppel issue, given the extraordinary protections and
remedies Texas law provides for this right, estoppel principles should not be
applied to it.








Furthermore, the Shoe court=s reasons
for applying estoppel in this context are not convincing. [3]
 See Ex parte Shoe, 137 S.W.3d at
101B02.  The Shoe court does not discuss the
Court of Criminal Appeals=s
decisions in Williams, Heath, and Fullbright.  See Ex parte Shoe, 137 S.W.3d at 101B02.  Instead, the Shoe court cites a case
from the Court of Criminal Appeals regarding estoppel and invited error;
however, that case did not involve or mention void judgments or illegal
sentences.  See Prytash v. State,
3 S.W.3d 522, 530B32 (Tex.
Crim. App. 1999) (holding that invited error and estoppel barred appellant from
complaining about charge error that he requested); Ex parte Shoe, 137
S.W.3d at 101B02 (citing Prytash).  The Shoe court=s
reliance on California=s
application of waiver doctrines to unauthorized sentences is not persuasive
because, unlike Texas, California courts have held that such sentences render
the judgment voidable, rather than void. 
See In re Marriage of Goddard, 14 Cal. Rptr. 3d 50, 55
(Cal. 2004) (stating that, under California law, if a court acts in excess of
its jurisdiction, its judgment is voidable rather than void); People v.
Hester, 92 Cal. Rptr. 2d 641, 644B45 (Cal.
2000) (stating that criminal defendants are estopped from complaining of
unauthorized sentences to which they agreed because such unauthorized sentences
do not deprive the court of fundamental jurisdiction but only constitute an act
in excess of jurisdiction).  The Shoe
court also cites a statement from the Supreme Court of Indiana that is an
obiter dictum that does not cite another Indiana case on point.  See Collins v. State, 509 N.E.2d 827,
833 (Ind. 1987).  Additionally, the Shoe
court fails to recognize contrary authorities from other states.  See, e.g., State v. Ohnmacht, 342
N.W.2d 838, 842B45 (Iowa
1983) (holding that sentence outside of statutory range of punishment renders
judgment void and subject to challenge at any time, without application of
estoppel principles).  For these reasons,
this court should not follow the Shoe opinion, even if it were not
contrary to controlling precedent from the Court of Criminal Appeals.[4]













Two prior convictions for DWI are
elements of the offense of felony DWI that must be proven to obtain a
conviction.  See Hollen v. State,
117 S.W.3d 798, 801B02 (Tex.
Crim. App. 2003).  Appellant stipulated
that he was driving while intoxicated at the time of the instant offense; he
objected only on the ground that the 2000 conviction was void and could not be
used as a basis for convicting him of felony DWI.  On appeal, appellant asserts that the
evidence is legally insufficient to support his conviction for felony DWI.  Because the 2000 conviction is void, the
State did not prove two prior convictions. 
However, in this bench trial, the parties=
stipulations are sufficient to support a conviction on the lesser-included
offense of Class A misdemeanor DWI. 
Therefore, rather than affirming, this court should sustain appellant=s second
issue, reverse the felony DWI conviction, reform the judgment to reflect a
conviction for Class A misdemeanor DWI, and remand to the trial court for a new
punishment hearing.  See Tex. R. App. P. 43.2(c) (stating that
the court of appeals may reverse the trial court=s
judgment in whole or in part and render the judgment that the trial court
should have rendered); Herrin v. State, 125 S.W.3d 436, 443B45 (Tex.
Crim. App. 2002) (stating that, in 
reviewing a judgment based on a jury trial, an appellate court may
reform the judgment to reflect conviction of a lesser-included offense and
remand for a new punishment hearing if the evidence is legally insufficient to
prove the greater offense, sufficient to support a conviction for the lesser
offense, and if a jury instruction on the lesser offense was given or requested
and denied); Shute v. State, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994)
(stating that, in bench trial, there is no need to submit a
lesser-included-offense charge to the trial court because the court is
authorized to find the defendant guilty of any proven lesser-included offense
and stating that finding defendant guilty of a greater offense necessarily
includes a finding that the evidence is sufficient to prove the lesser
offense); Watson v. State, 923 S.W.2d 829, 832B33 (Tex.
App.CAustin
1996, pet. ref=d) (holding that, in reviewing a
judgment based on a bench trial, to grant reformation reflecting conviction of
a lesser-included offense, the appellate court need only conclude that the evidence
is legally insufficient to prove the greater offense and sufficient to support
a conviction for the lesser offense). 
Because the court does not do so, I respectfully dissent.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Majority and Dissenting Opinions filed February
7, 2006.

Panel consists of Chief
Justice Hedges and Justices Fowler and Frost. 
(Hedges, C.J., majority.)

 

Publish C Tex. R. App. P. 47.2(b).

 

 

 

 











[1]  The Court of
Criminal Appeals concluded in Mizell that it did not need to address
this estoppel issue, which is not the same as stating that the court has never
addressed that issue in the past.  See
Mizell, 119 S.W.3d at 806 n.8.





[2]  In response,
Presiding Judge Keller issued an opinion concurring in the judgment and
asserting that estoppel principles should apply.  See Ex parte Williams, 65 S.W.3d at
658B60 (Keller, P.J., concurring in the judgment).





[3]  The procedural
background of Shoe is as follows: 
In 1997, Shoe received forty days in jail and no fine under a
plea bargain for a DWI that occurred in 1993. 
The 1997 DWI conviction and an out-of-state DWI conviction were used to
enhance a subsequent 1999 DWI to a felony offense.  Shoe filed an application for writ of habeas
corpus in the trial court pursuant to the Texas Constitution, claiming that the
1997 conviction was void because the offense required a fine of $100 to $2000
and no fine was imposed. The trial court denied the habeas application.  The court of appeals determined that the
sentence in the 1997 conviction was unauthorized because it fell below the
minimum sentence provided by law and amounted to fundamental error.  The intermediate court reversed and
remanded.  Ex parte Shoe, No.
2-02-099-CR, 2003 WL 360900, at *1B3 (Tex.
App.CFort Worth Feb. 20, 2003), rev=d, No.
479-03, 2003 WL 22304418, at *1 (Tex. Crim. App. Oct. 8, 2003).  The State then filed a petition for
discretionary review with the Court of Criminal Appeals and argued that the
court of appeals erred by failing to address the estoppel argument raised in
its appellate brief.  The Court of
Criminal Appeals agreed, reversed, and remanded with instructions for the
intermediate court to address the estoppel argument.  Ex parte Shoe, No. 479-03, 2003 WL
22304418, at *1 (Tex. Crim. App. Oct. 8, 2003). 
The Fort Worth Court of Appeals, on remand, held that Shoe was estopped
from complaining about his void conviction. 
The Court of Criminal Appeals later granted review of the intermediate
court=s ruling on this estoppel issue.  See Ex parte Shoe, 137 S.W.3d 100,
102 (Tex. App.CFort Worth 2004, pet. granted).  This case has been submitted to the Court of
Criminal Appeals.  To date, no opinion
has been issued.





[4]  Although this
court cited Shoe in a recent case, that case did involve the estoppel
issue present in the instant case and in Shoe, and this court did not
adopt the Shoe court=s estoppel analysis. 
See Meineke v. State, 171 S.W.3d 551, 558 (Tex. App.CHouston [14th Dist.] 2005, pet. filed) (citing Shoe
to support the proposition that appellant could not complain of enhancements
and sentence to which he agreed, in case that did not involve sentences outside
the statutory range of punishment).