In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00160-CR


______________________________




CARLOS RODRIGUEZ TOVAR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33375-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Carlos Rodriguez Tovar appeals from the revocation of his community supervision for
possession of a controlled substance. Tovar pled guilty on or about September 1, 2005, to possession
of a controlled substance in penalty group one, namely cocaine, in an amount less than one gram. 
Tovar was sentenced to two years' imprisonment which was suspended, and Tovar was placed on
community supervision for four years. On or about June 29, 2006, the trial court found Tovar had
violated the terms of his community supervision, revoked Tovar's community supervision, and
sentenced Tovar to two years' confinement in a state-jail facility. 

 On appeal, Tovar raises three issues. Tovar contends the trial court entered a void judgment. 
In the alternative, Tovar argues the trial court abused its discretion in revoking his community
supervision. Finally, Tovar argues the sentence is grossly disproportionate to the crime and violates
the prohibition against cruel and unusual punishment contained in the Eighth Amendment. We
affirm the judgment of the trial court.

The Judgment Is Not Void

 In his first point of error, Tovar argues the trial court's judgment is void because the trial
court entered "481.123(d) Health & Safety Code" under the caption "Statute for Offense." Section
481.123 concerns an affirmative defense for prosecution for an offense involving a controlled
substance  analogue  and  does  not  have  a  subsection  (d).  See  Tex.  Health  &  Safety  Code
Ann. § 481.123 (Vernon Supp. 2006). Because the judgment states Tovar violated a section of the
Texas Health and Safety Code which does not contain an offense, Tovar claims the judgment is void. 
Tovar further argues the description of the offense contained in the judgment as "Possession of a
Controlled Substance Listed in Penalty Group One of the Texas Controlled Substances Act" is
insufficient since it fails to specify the amount of the controlled substance possessed. 

 A judgment is void in very rare situations, usually due to a lack of jurisdiction. The Texas
Court of Criminal Appeals has held:

 A judgment of conviction for a crime is void when (1) the document purporting to
be a charging instrument (i.e. indictment, information, or complaint) does not satisfy
the constitutional requisites of a charging instrument, thus the trial court has no
jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction
over the offense charged, such as when a misdemeanor involving official misconduct
is tried in a county court at law, (3) the record reflects that there is no evidence to
support the conviction, or (4) an indigent defendant is required to face criminal trial
proceedings without appointed counsel . . . . While we hesitate to call this an
exclusive list, it is very nearly so.

Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (citations omitted) (footnotes omitted),
modified on other grounds by Davis v. State, 195 S.W.3d 708 (Tex. Crim. App. 2006).

 The judgment in this case is not void because the error is merely a clerical error. A judgment
or sentence containing an irregularity that can be reformed on appeal or by nunc pro tunc entry is not
void. Hughes v. State, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973); see Allen v. State, 20 S.W.3d
164, 165 (Tex. App.--Texarkana 2000, no pet.). A clerical error is one that does not result from
judicial reasoning or determination; the classification of an error as clerical or judicial is a question
of law. Allen, 20 S.W.3d at 165. The error in question is clearly a clerical error. The record,
including the indictment and judgment placing Tovar on community supervision, reflects that Tovar
was charged under Section 481.115 of the Texas Health and Safety Code. See Tex. Health &
Safety Code Ann. § 481.115 (Vernon 2003). The entry of "481.123(d) Health & Safety Code"
under the caption "Statute for Offense" is clearly a typographical error. The error is a mere clerical
error which can be corrected by a judgment nunc pro tunc or reformed on appeal. See Gonzales v.
State, 527 S.W.2d 540, 541 n.1 (Tex. Crim. App. 1975); Alexander v. State, 496 S.W.2d 86, 87 (Tex.
Crim. App. 1973).

 Because the error complained of can be reformed, the judgment is not void. Further, Tovar
has not shown the error violates the Double Jeopardy Clause. (1) See U.S. Const. amend. V; Tex.
Const. art. I, § 14. We overrule Tovar's first point of error. However, we reform the judgment to
reflect Tovar was convicted of possession of a controlled substance in penalty group one in an
amount less than one gram under Section 481.115 of the Texas Health and Safety Code. 

The Trial Court Did Not Abuse Its Discretion In Revoking Tovar's Community Supervision


 In the alternative, Tovar argues the trial court abused its discretion in revoking Tovar's
community supervision. The trial court revoked Tovar's community supervision based on findings
that Tovar "did then and there consume or ingest Cocaine" and "did then and there consume or ingest
Alcohol." Tovar had pled true to consuming or ingesting cocaine, but he pled not true to consuming
or ingesting alcohol. Tovar argues he merely consumed a traditional Mexican dessert containing a
liquor which likely no longer contained alcohol after it had been cooked. While noting a plea of true
is generally sufficient to support a revocation, Tovar argues his true plea was to "consum[ing] or
ingest[ing] Cocaine." Because the terms of Tovar's community supervision required Tovar to
"[a]bstain from . . . the use of any unlawful controlled substances," the trial court abused its
discretion, according to Tovar, in revoking the community supervision on "such a confused state of
pleadings and proof." While the better practice is to use more consistent language, we are not
persuaded the trial court abused its discretion.

 In a community supervision revocation hearing, the decision whether to revoke rests within
the discretion of the trial court. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). This
discretion is not absolute; the trial court is not authorized to revoke community supervision without
a showing that the probationer has violated a condition of the community supervision imposed by
the court. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); Armstrong v. State, 134
S.W.3d 860, 862 (Tex. App.--Texarkana 2004, pet. ref'd). The burden of proof in a community
supervision revocation hearing is by a preponderance of the evidence. Cardona v. State, 665 S.W.2d
492 (Tex. Crim. App. 1984). This standard is met when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of his or her community
supervision as the State alleged. Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel
Op.] 1981); Allbright v. State, 13 S.W.3d 817, 819 (Tex. App.--Fort Worth 2000, pet. ref'd). 

 The trial court did not abuse its discretion in finding Tovar violated the terms of his
community supervision. Tovar pled true to the allegation that he used cocaine. A plea of "true" is
sufficient to support revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.]
1979); Atchison v. State, 124 S.W.3d 755, 758 (Tex. App.--Austin 2003, pet. ref'd). In addition,
Tovar signed a stipulation of evidence in which he admits that he "did then and there consume or
ingest Cocaine." 

 According to Tovar, there is a "three-fold difference in the prohibitions, allegations and
proof." Tovar's conditions of community supervision required Tovar to "[a]bstain from the drinking
of alcoholic or intoxicating beverages and the use of any unlawful controlled substances, including
the substance marijuana, the entire period of probation." In its motions to revoke, the State alleged
that Tovar had "1) . . . use[d] a controlled substance, to-wit: Cocaine" and "2) . . . use[d] a controlled
substance, to-wit: Alcohol." The trial court found, that in the judgment, Tovar "did then and there
consume or ingest cocaine" and "did then and there consume or ingest alcohol." Even if there is a
variance between the allegations and the evidence at trial, the variance is immaterial since Tovar has
failed to show his substantial rights were prejudiced. See Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001); see also Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). The
evidence at the revocation hearing and the judgment are identical. As discussed above, Tovar signed
a stipulation of evidence which provided he "did then and there consume or ingest Cocaine" identical
to the wording contained in the judgment. A person who consumes or ingests cocaine does not
abstain from use of cocaine. There is sufficient evidence to support the trial court's finding that
Tovar consumed or ingested cocaine.

 Proof of a single violation is sufficient to support revocation of community supervision.
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); see Stevens v. State, 900 S.W.2d 348
(Tex. App.--Texarkana 1995, pet. ref'd). Because the State provided sufficient proof that Tovar
violated a condition of his community supervision by using cocaine, there is no need to determine
whether Tovar violated his community supervision by consuming a dessert containing alcohol. (2) We
overrule Tovar's second point of error.

Tovar Has Failed to Show the Sentence Was Cruel and Unusual Punishment

 In his remaining point of error, Tovar contends (3) the sentence imposed by the trial court was
disproportionate to the offense, citing Solem v. Helm, 463 U.S. 277 (1983). Tovar offered evidence
that he is the father of two children who rely on him for child support and that he had a good, steady
job which he had held for six years working for a tree service. According to Tovar, the trial court
should have merely modified his community supervision so that he could be admitted to a drug
treatment facility. Tovar argues, when one considers the mitigating factors, a sentence of two years
is grossly disproportionate. We disagree.

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Possession of less
than a gram of a controlled substance in penalty group one is a state-jail felony. See Tex. Health
& Safety Code Ann. § 481.115. The punishment range for a state-jail felony is imprisonment for
"not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35 (Vernon 2003). 
Tovar's sentence is within the statutory range. 

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Solem, 463
U.S. at 290; Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd). 

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence, and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--(1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. 
McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR, 2006 Tex. App. LEXIS 10072,
at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet.); Lackey, 881 S.W.2d at 420-21. 

 We cannot say that the gravity of the offense is grossly disproportionate to the severity of the
sentence. Further, there is no evidence in the record comparing the sentence with the sentences
imposed against other defendants in this or other jurisdictions who committed a similar offense. See
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana 2002, pet. ref'd); Latham v. State, 20
S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd). We overrule Tovar's third point of error.

Conclusion

 Because the error in the judgment is merely a clerical error, the judgment is not void. The
trial court did not abuse its discretion in revoking Tovar's community supervision. There is
sufficient evidence that Tovar used cocaine in violation of his community supervision, and a single
violation is sufficient to support a revocation of community supervision. Finally, Tovar has failed
to show his punishment violated the Eighth Amendment.

 We modify the judgment to reflect Tovar was convicted of possession of a controlled
substance in penalty group one in an amount less than one gram under Section 481.115 of the Texas
Health and Safety Code. We affirm the judgment as modified. (4)



 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: February 9, 2007


Do Not Publish

1. We note Tovar also argues the judgment poses a potential double jeopardy violation. 
Because the judgment merely describes the offense as "possession of a controlled substance in
penalty group one of the Texas Controlled Substances Act," Tovar contends the judgment is not
definite enough to preclude another prosecution for the same offense. This argument is multifarious
and is overruled as such. See Tex. R. App. P. 38.1. In addition, Tovar has not preserved this issue
for our review. A defendant may waive the right not to be twice placed in jeopardy for the same
offense. King v. State, 161 S.W.3d 264, 267-68 (Tex. App.--Texarkana 2005, pet. ref'd). A double
jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack only
"when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of
the record, and when (2) the enforcement of the usual rules of procedural default serves no legitimate
state interests." Id. at 268. Further, there is no evidence Tovar has been subjected to a second
prosecution for the same offense.
2. Carlila Certa, Tovar's niece, testified that she prepared a dessert called a "Rum Poppy" and
that Tovar ate some of this dessert. Certa testified the dessert was "kinda like Jell-O" and contains
liquor. Tovar urges this Court to take judicial notice that Jell-O is made by stirring boiling water into
gelatin in a bowl and that the boiling point of water is greater than the boiling point of ethanol. 
Because there is sufficient evidence Tovar used cocaine, it is not necessary for us to decide whether
the trial court abused its discretion in revoking Tovar's community supervision based on this
allegation.
3. We note Tovar also argues the trial court failed to consider the whole range of punishment. 
During the hearing, the trial court expressed its opinion that the Legislature's decision to require
mandatory community supervision for a first offense of possession of a controlled substance was an
"act of stupidity" and "[t]hat law was a bad one . . . ." The State contends the trial court's comments
were merely in response to an argument advanced by defense counsel. We agree with the State. 
Tovar's attorney argued to the court that "the legislature very wisely, when it set up this category of
crime as a mandatory probated sentence, had in mind that probation is rehabilitation was the way to
go. Mr. Tovar had not been on probation long enough for rehabilitation to start working yet." Read
in context, the trial court's statements were a response to arguments made by defense counsel rather
than a refusal to consider the entire range of punishment. The trial court did state, "Probation is a
grant of mercy. It's appropriate at times, . . . ." Tovar has not shown that the trial court refused to
consider the full range of punishment. 
4. We also note the judgment contains the entry underneath the caption "Plea to Motion to
Revoke" is "True." We modify the judgment to reflect a plea of "true" to use of cocaine and a plea
of "not true" to the use of alcohol.


-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-018-CR%20Kuykendall%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00018-CR

                                                ______________________________

 

 

                                PAUL ROSS KUYKENDALL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23,012

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Paul Ross
Kuykendall has filed a notice of appeal from the revocation of his community
supervision.  We have now received the
certification of Kuykendalls right of appeal as required by Rule 25.2 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2.  That
certification states that Kuykendall waived his right of appeal.

            Unless
a certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.  See Tex.
R. App. P. 25.2(d).  Because the
trial courts certification affirmatively shows that Kuykendall has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            We dismiss
the appeal for want of jurisdiction and overrule Kuykendalls motion for
appointment of counsel.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          February
26, 2010

Date Decided:             March
1, 2010

 

Do Not Publish