806 So.2d 569 (2002)
Eduardo PUNTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3012.
District Court of Appeal of Florida, Third District.
January 23, 2002.
Reconsideration and Rehearing Denied February 15, 2002.
*570 Ellis Rubin and Robert I. Barrar, Miami, for appellant.
Robert A. Butterworth, Attorney General; Katherine Fernandez Rundle, State Attorney, and Peter Sautter, Assistant State Attorney, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Eduardo Punta appeals the summary denial of his rule 3.800 motion to correct an illegal sentence. We affirm.
Punta was charged with robbery and burglary. In 1990, he entered a plea of guilty to both counts pursuant to a written plea agreement. The written plea agreement called for two years of community control followed by seven years of probation. Punta was told that, given his prior criminal history, if he violated the agreement he could face up to 30 years as an habitual violent felony offender. In 1992, Punta violated the agreement and was sentenced to 30 years in state prison. He filed a 3.850 post-conviction motion which was denied. There is no record of his appealing that decision.
Punta here claims that his sentence of community control followed by probation was illegal because it was prohibited by section 948.01(12), Florida Statutes (1989), which provided that "an offender may not be placed in community control if (a) Convicted of or adjudication withheld for a forcible felony as defined in s. 776.08, and (b) Previously convicted of or adjudication withheld for a forcible felony as defined in s. 776.08." Punta's convictions qualified as forcible felonies under that statute. Punta argues that because his initial community control sentence was void, any violation of that community control/probation is also void, and it follows that his 30-year sentence for violation of probation must be vacated.
This very issue was raised and denied in Punta's first post-conviction motion. It is therefore barred as successive. Fla. R.Crim. P. 3.850(f) (2001). Further, "Florida courts have repeatedly held that sentences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him." Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991); see also Clark v. State, 651 So.2d 1309 (Fla. 3d DCA 1995)(after defendant accepted plea offer and the state and court fulfilled their part of the bargain, the defendant cannot be relieved of the burden of his contract upon later finding that the plea was unauthorized by law); Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977)(defendant estopped from challenging plea-bargained sentence after having accepted the benefits of it).
*571 The record before us shows that Punta voluntarily and intelligently accepted the terms of the plea agreement, the terms of which were far less restrictive than a 30-year prison sentence. He began to serve his term pursuant to the plea agreement and then violated the agreement's terms. Having accepted the benefits of the agreement Punta cannot now claim that the agreement was illegal.
Affirmed.