EX PARTE SHOE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-099-CR

EX PARTE THOMAS FRANKLIN SHOE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

OPINION ON REMAND

------------

This case is before us on remand for consideration of the State’s contention that appellant pro se Thomas Franklin Shoe is estopped from arguing that his 1997 conviction for driving while intoxicated (DWI) is illegal because he accepted the benefit of a fine not being assessed.   

Pursuant to a plea bargain agreement, appellant was convicted of DWI on October 16, 1997, and sentenced to forty days in jail.  On March 1, 2002, appellant filed an application for writ of habeas corpus in the trial court pursuant to the Texas Constitution, arguing that the conviction and judgment are void because the minimum legal sentence was not imposed.  
See
 
Tex. Const
. art. V, § 16.  
When the trial court assessed appellant’s sentence in 1997, it did not impose a mandatory minimum fine.
(footnote: 1)  The trial court denied the application for writ of habeas corpus, stating it “finds that the law does not support the granting of a [Post Conviction] Writ of Habeas Corpus for the reasons alleged.” 

In our prior opinion, we determined that we had jurisdiction to consider the appeal from the denial of relief on appellant’s application for writ of habeas corpus and held that the judgment was illegal, null, and void because the sentence assessed by the trial court pursuant to the plea bargain is less than the minimum provided by law.  
See Ex parte Shoe
, 02-02-099-CR, slip op. at 3, 5, 7 (Tex. App.—Fort Worth Feb. 20, 2003, pet. granted) (not designated for publication).  We then reversed the judgment and remanded to the trial court.  
Id. 
at 8.  Our judgment has been vacated by the Texas Court of Criminal Appeals.
  Ex parte Shoe
, No. 479-03, 2003 WL 22304418, at *1 (Tex. Crim. App. Oct. 8, 2003) (not designated for publication).  We now affirm.

The issue before us now is whether an applicant for writ of habeas corpus is estopped from challenging an illegal sentence for which he entered into a plea bargain agreement with the State.  Although the Texas Court of Criminal Appeals has held that a void sentence may be challenged at any time,
 see Ex parte McIver
, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979), the issue before us is one of first impression in Texas.  
See Mizell v. State
, No. 2444-01, 2003 WL 22510548, at *2 n.8 (Tex. Crim. App. Nov. 5, 2003) (“We need not here address the question of whether a defendant might, in some circumstances, be estopped from complaining, after he had enjoyed its benefits, that his sentence was illegal or ‘void’ because it was below the statutory minimum.”). 
 But see Ex parte Williams
, 65 S.W.3d 656, 658-59 (Tex. Crim. App. 2001)  (Keller, P.J., concurring)  (arguing that “error capable of rendering a judgment or sentence void can be subject to estoppel”).  

In preserving error for appellate review in Texas, our system may be thought to contain rules of three distinct kinds:  (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. 
 Marin v. State
, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), 
overruled on other grounds
  
by
 
Matchett v. State
, 941 S.W.2d 922 (Tex. Crim. App. 1996), 
cert. denied
, 521 U.S. 1107 (1997).  The Texas Court of Criminal Appeals has suggested that a defendant “has an absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature.”  
Speth v. State
, 6 S.W.3d 530, 532-33 & n.5 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000).  Even if an appellant cannot waive such a right, his actions, however, may estop him from claiming such a right. 

The doctrines of waiver and estoppel are distinct.  
See Prystash v. State
, 3 S.W.3d 522, 530-32 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000).  According to the Texas Court of Criminal Appeals, a defendant cannot waive certain statutorily mandated requirements such as statutorily mandated sentences, but under the doctrine of invited error (i.e., estoppel), he cannot also complain later about an action that he requested. 
 Id.
  Although the court was not addressing sentencing requirements in 
Prystash
, we believe the distinction made between waiver and the doctrine of invited error or estoppel applies to the facts of this case.  Other state courts have held under circumstances similar to this case that a defendant is estopped from claiming that the sentence violated state statutes or rules.  
See, e.g., People v. Hester, 
992 P.2d 569, 572 (Cal. 2000) (“When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.”); 
Collins v. State
, 509 N.E.2d 827, 833 (Ind. 1987) (“[A] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.”);
 Punta v. State,
 806 So.2d 569, 570 (Fla. App. Ct. 2002) (“Florida courts have repeatedly held that sentences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him.”), 
review denied
, 825 So.2d 935 (Fla. 
2002).
(footnote: 2) 

While the sentence assessed by the trial court in this case is illegal, appellant requested the sentence and accepted the benefit of the lesser sentence when he entered into the plea bargain agreement with the State.   He benefitted from not having the fine assessed against him.  Appellant should not now be permitted to challenge the lesser sentence—the benefit he received and for which he bargained—because events since the sentence was assessed now make that sentence less appealing to him.
(footnote: 3)  
See Williams
, 65 S.W.3d at 660 (Keller, P.J., concurring) (“By accepting the plea agreement, appellant gained a bargained-for benefit that should now estop him from challenging the trial court’s authority.”).  Accordingly, we agree with the reasoning of the courts from our sister states and hold that appellant is estopped from challenging the illegal sentence because he accepted the benefits of it.  We overrule appellant’s points on appeal and arguments on remand.  

The trial court’s judgment is affirmed.

PER CURIAM

PANEL F: SAM J. DAY, J. (Retired, Sitting by Assignment); and  LIVINGSTON and DAUPHINOT, JJ.

PUBLISH

DELIVERED: January 15, 2004

FOOTNOTES
1:
See
 
Act of May 27, 1983, 68
th
 Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, (amended 1987), 
repealed by
 Act of May 29, 1993, 73
d
 Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (current version at 
Tex. Penal Code Ann
. § 49.09 (Vernon Supp. 2004)); 
see also
 Act of May 29, 1993, 73
d
 Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen. Laws 3586, 3705 (stating change in law only applies to an offense “committed on or after the effective date of this article. . . .  An offense committed before the effective date of this article is covered by the law in effect when the offense was committed[.]”). 

2:
The State also directs us to cases where the court of criminal appeals has applied the doctrine of collateral estoppel even though those cases did not apply estoppel to an illegal or void sentence.
  See, e.g., Arroyo v. State
, 117 S.W.3d 795, 797-98 (Tex. Crim. App. 2003) (holding that once State tendered complainant’s rap sheet to appellant without qualification, it was estopped from thereafter claiming that the defense exhibits were inadmissible on the ground of identity); 
Prystash
, 3 S.W.3d at 530-32 (holding appellant, who had affirmatively requested that the trial court not submit to jury one of the special issues statutorily required for capital sentencing, was estopped from arguing on appeal that the trial court had erred in not submitting the special issue); 
State v. Yount
, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on reh’g) (“[Defendant] cannot benefit from the lesser included offense instruction and then attack his conviction of that lesser included offense on limitations grounds.”).

3:
Appellant never challenged the illegal sentence for the 1997 DWI offense until after his probation was revoked in 2000 for a 1999 DWI conviction, for which punishment was enhanced as a result of his 1997 conviction.