COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-099-CR
 
 
EX PARTE THOMAS FRANKLIN SHOE
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 
4 OF TARRANT COUNTY
 
------------
 
OPINION ON REMAND
 
------------
        This 
case is before us on remand for consideration of the State’s contention that 
appellant pro se Thomas Franklin Shoe is estopped from arguing that his 1997 
conviction for driving while intoxicated (DWI) is illegal because he accepted 
the benefit of a fine not being assessed.
        Pursuant 
to a plea bargain agreement, appellant was convicted of DWI on October 16, 1997, 
and sentenced to forty days in jail. On March 1, 2002, appellant filed an 
application for writ of habeas corpus in the trial court pursuant to the Texas 
Constitution, arguing that the conviction and judgment are void because the 
minimum legal sentence was not imposed. See Tex. Const. art. V, § 16. When the 
trial court assessed appellant’s sentence in 1997, it did not impose a 
mandatory minimum fine.[1]  The trial court 
denied the application for writ of habeas corpus, stating it “finds that the 
law does not support the granting of a [Post Conviction] Writ of Habeas Corpus 
for the reasons alleged.”
        In 
our prior opinion, we determined that we had jurisdiction to consider the appeal 
from the denial of relief on appellant’s application for writ of habeas corpus 
and held that the judgment was illegal, null, and void because the sentence 
assessed by the trial court pursuant to the plea bargain is less than the 
minimum provided by law. See Ex parte Shoe, 02-02-099-CR, slip op. at 3, 
5, 7 (Tex. App.—Fort Worth Feb. 20, 2003, pet. granted) (not designated for 
publication). We then reversed the judgment and remanded to the trial court. Id. 
at 8. Our judgment has been vacated by the Texas Court of Criminal Appeals. Ex 
parte Shoe, No. 479-03, 2003 WL 22304418, at *1 (Tex. Crim. App. Oct. 8, 
2003) (not designated for publication). We now affirm.
        The 
issue before us now is whether an applicant for writ of habeas corpus is 
estopped from challenging an illegal sentence for which he entered into a plea 
bargain agreement with the State. Although the Texas Court of Criminal Appeals 
has held that a void sentence may be challenged at any time, see Ex parte 
McIver, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979), the issue 
before us is one of first impression in Texas. See Mizell v. State, No. 
2444-01, 2003 WL 22510548, at *2 n.8 (Tex. Crim. App. Nov. 5, 2003) (“We need 
not here address the question of whether a defendant might, in some 
circumstances, be estopped from complaining, after he had enjoyed its benefits, 
that his sentence was illegal or ‘void’ because it was below the statutory 
minimum.”). But see Ex parte Williams, 65 S.W.3d 656, 658-59 (Tex. 
Crim. App. 2001) (Keller, P.J., concurring) (arguing that “error capable of 
rendering a judgment or sentence void can be subject to estoppel”).
        In 
preserving error for appellate review in Texas, our system may be thought to 
contain rules of three distinct kinds: (1) absolute requirements and 
prohibitions; (2) rights of litigants which must be implemented by the system 
unless expressly waived; and (3) rights of litigants which are to be implemented 
upon request. Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), 
overruled on other grounds by Matchett v. State, 941 S.W.2d 
922 (Tex. Crim. App. 1996), cert. denied, 521 U.S. 1107 (1997). The Texas 
Court of Criminal Appeals has suggested that a defendant “has an absolute and 
nonwaiveable right to be sentenced within the proper range of punishment 
established by the Legislature.” Speth v. State, 6 S.W.3d 530, 532-33 
& n.5 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088 (2000). 
Even if an appellant cannot waive such a right, his actions, however, may estop 
him from claiming such a right.
        The 
doctrines of waiver and estoppel are distinct. See Prystash v. State, 3 
S.W.3d 522, 530-32 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 
(2000). According to the Texas Court of Criminal Appeals, a defendant cannot 
waive certain statutorily mandated requirements such as statutorily mandated 
sentences, but under the doctrine of invited error (i.e., estoppel), he cannot 
also complain later about an action that he requested. Id. Although the 
court was not addressing sentencing requirements in Prystash, we believe 
the distinction made between waiver and the doctrine of invited error or 
estoppel applies to the facts of this case. Other state courts have held under 
circumstances similar to this case that a defendant is estopped from claiming 
that the sentence violated state statutes or rules. See, e.g., People v. 
Hester, 992 P.2d 569, 572 (Cal. 2000) (“When a defendant maintains that 
the trial court's sentence violates rules which would have required the 
imposition of a more lenient sentence, yet the defendant avoided a potentially 
harsher sentence by entering into the plea bargain, it may be implied that the 
defendant waived any rights under such rules by choosing to accept the plea 
bargain.”); Collins v. State, 509 N.E.2d 827, 833 (Ind. 1987) (“[A] 
defendant may not enter a plea agreement calling for an illegal sentence, 
benefit from that sentence, and then later complain that it was an illegal 
sentence.”); Punta v. State, 806 So.2d 569, 570 (Fla. App. Ct. 2002) 
(“Florida courts have repeatedly held that sentences imposed in violation of 
statutory requirements, which are to the benefit of the defendant and to which 
he agreed, may not be challenged after the defendant has accepted the benefits 
flowing from the plea, but has failed to carry out the conditions imposed on 
him.”), review denied, 825 So.2d 935 (Fla. 2002).[2]
        While 
the sentence assessed by the trial court in this case is illegal, appellant 
requested the sentence and accepted the benefit of the lesser sentence when he 
entered into the plea bargain agreement with the State. He benefitted from not 
having the fine assessed against him. Appellant should not now be permitted to 
challenge the lesser sentence—the benefit he received and for which he 
bargained—because events since the sentence was assessed now make that 
sentence less appealing to him.[3]  See 
Williams, 65 S.W.3d at 660 (Keller, P.J., concurring) (“By accepting the 
plea agreement, appellant gained a bargained-for benefit that should now estop 
him from challenging the trial court’s authority.”). Accordingly, we agree 
with the reasoning of the courts from our sister states and hold that appellant 
is estopped from challenging the illegal sentence because he accepted the 
benefits of it. We overrule appellant’s points on appeal and arguments on 
remand.
        The 
trial court’s judgment is affirmed.

                                                                  PER 
CURIAM

PANEL F:   SAM 
J. DAY, J. (Retired, Sitting by Assignment); and LIVINGSTON and DAUPHINOT, JJ.

PUBLISH
 
DELIVERED: January 15, 2004


 
NOTES
1. 
See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 
Tex. Gen. Laws 1568, 1574-77, (amended 1987), repealed by Act of May 29, 
1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 
3704 (current version at Tex. Penal Code 
Ann. § 49.09 (Vernon Supp. 2004)); see also Act of May 29, 1993, 
73d Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen. Laws 3586, 
3705 (stating change in law only applies to an offense “committed on or after 
the effective date of this article. . . . An offense committed before the 
effective date of this article is covered by the law in effect when the offense 
was committed[.]”).
2. 
The State also directs us to cases where the court of criminal appeals has 
applied the doctrine of collateral estoppel even though those cases did not 
apply estoppel to an illegal or void sentence. See, e.g., Arroyo v. State, 
117 S.W.3d 795, 797-98 (Tex. Crim. App. 2003) (holding that once State tendered 
complainant’s rap sheet to appellant without qualification, it was estopped 
from thereafter claiming that the defense exhibits were inadmissible on the 
ground of identity); Prystash, 3 S.W.3d at 530-32 (holding appellant, who 
had affirmatively requested that the trial court not submit to jury one of the 
special issues statutorily required for capital sentencing, was estopped from 
arguing on appeal that the trial court had erred in not submitting the special 
issue); State v. Yount, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on 
reh’g) (“[Defendant] cannot benefit from the lesser included offense 
instruction and then attack his conviction of that lesser included offense on 
limitations grounds.”).
3. 
Appellant never challenged the illegal sentence for the 1997 DWI offense until 
after his probation was revoked in 2000 for a 1999 DWI conviction, for which 
punishment was enhanced as a result of his 1997 conviction.