**Ray Mitchell WILKERSON, Appellant**

v.

**The STATE of Texas, State.**

**Nos. 2–03–068–CR, 2–03–069–CR.**

Court of Appeals of Texas,
Fort Worth.

July 22, 2004.

---

1. *See* Tex.R.App. P. 50.

Barry J. Alford, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty.; Charles M. Mallin, Michael R. Casillas and Ben Leonard, Asst. Crim. Dist. Attys., Fort Worth, for State.

PANEL A: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

LEE ANN DAUPHINOT, Justice.

The State has filed a petition for discretionary review in the Texas Court of Criminal Appeals. Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our May 27, 2004 opinion and judgments and substitute the following opinion and accompanying judgments.[1]

A jury convicted Appellant Ray Mitchell Wilkerson of causing serious bodily injury to a child under fifteen and causing bodily injury to a child under fifteen and assessed his punishment at thirty years' confinement and ten years' confinement probated, respectively. The two child complainants are his sons. The trial court sentenced Appellant in accordance with the jury verdict. He brings two points, arguing that the trial court erred in admitting his statement to Child Protective Services (CPS) investigator Deanna Lane–Martines regarding the injury to a child—bodily injury case and that the trial court erred in failing sua sponte to instruct the jury regarding the burden of proof for extraneous offenses admitted at punishment.

### INJURY TO A CHILD—BODILY INJURY CONVICTION: CAUSE NO. 2–03–069–CR

Deanna Lane–Martines, an investigator with CPS, met with Appellant at the Crowley jail. She interviewed him regarding the injury to a child—bodily injury charges. The injuries consisted of marks caused by a belt. Appellant admitted to Lane–Martines that he had spanked the complainant because he had repeatedly soiled his pants.

At trial, Appellant objected to Lane–Martines's testimony "based on the fact she is employed by a state agency, she questions defendants about what crimes that could occur against children, and she turns these questions over to law enforcement agencies that become parts of their files and are used to result in the arrest of citizens on charges." On appeal, Appel-

lant's complaint is that the CPS investigator failed to inform Appellant of his statutory warnings. The State argues that the objection at trial does not comport with the complaint on appeal. The State also argues that the record is silent as to whether Appellant was given the proper warnings.

Although the objection at trial is composed of the arguments explaining why the statutory and constitutional warnings were required, that is, because the investigator was a law enforcement agent, we hold the objection was sufficient to put the judge on notice that Appellant was arguing that the CPS investigator was an agent of the police and was, therefore, required to provide the requisite warnings.[2] We therefore hold that Appellant preserved this point.

When a defendant moves to suppress a statement, the burden shifts to the State to show that the proper warnings were given.[3] Appellant proved that

- Lane–Martines interrogated him about his culpability concerning the instant offense in the Crowley jail with no attorney present;

- he was incarcerated for the instant offense at the time;

- she was employed by a state agency;

- she knew when she went to the jail to interview Appellant that, when she questioned a defendant and made documentation of what he told her, the report of the questioning would be forwarded by duty of law to the police agencies;

- she turned over the results of her interrogation to the Crowley police;

and that information was used as a basis for prosecuting Appellant.[4]

Because the record is silent about whether Appellant was warned, the State failed to meet its burden to prove that the warnings were given. Consequently, based on the unique facts in this case, the trial court erred in overruling Appellant's oral motion to suppress the statement. Because there was no other evidence of the injury upon which this conviction was based,[5] we cannot say that the error did not contribute to his conviction.[6] We therefore sustain Appellant's first point. Because our resolution of this point is dispositive of Appellant's appeal of his conviction for injury to a child—bodily injury, we shall address his second point only as it relates to his conviction for causing serious bodily injury to a child.[7]

### INJURY TO A CHILD—SERIOUS BODILY INJURY CONVICTION:

### CAUSE NO. 02–03–068–CR

In his second point, Appellant argues that the trial court erred in failing sua sponte to instruct the jury regarding the burden of proof for any extraneous crimes introduced at punishment. The record reflects, however, that the State pointed out that the punishment charge to the jury lacked a reasonable doubt instruction regarding evidence of extraneous of-

2. *See* Tex.R.App. P. 33.1(a).

3. *Miranda v. Arizona,* 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966); *Kelley v. State,* 817 S.W.2d 168, 173 (Tex.App.-Austin 1991, pet. ref'd).

4. *See Cates v. State,* 776 S.W.2d 170, 171–72 (Tex.Crim.App.1989).

5. *See* Tex. Penal Code Ann. § 22.04(a)(3) (Vernon 2003).

6. *See* Tex.R.App. P. 44.2(a); *Williams v. State,* 958 S.W.2d 186, 194 (Tex.Crim.App.1997); *Jordy v. State,* 969 S.W.2d 528, 532–33 (Tex. App.-Fort Worth 1998, no pet.).

7. *See* Tex.R.App. P. 47.1.

fenses. The trial court responded that the absence of the charge was "a tactical decision for the defense at punishment, because perhaps they don't want to call attention to it." The court also told the defense that if the defense wanted it, the court would include the instruction. In response, Appellant's trial counsel stated, "I understand. I don't want it."

■ Under the doctrine of invited error, a defendant cannot refuse a statutorily mandated instruction and then complain on appeal that it was denied him.[8] We overrule Appellant's second point.

## CONCLUSION

Having sustained Appellant's first point, we reverse his conviction for causing bodily injury to a child and remand that cause to the trial court for a new trial. Having overruled Appellant's second point, we affirm the trial court's judgment in the injury to a child—serious bodily injury case.

8. *Ex parte Shoe,* No. 2–02–099–CR, 137 S.W.3d 100, 102–03 (Tex.App.-Fort Worth 2004, no pet. h.) (citing *Prystash v. State,* 3 S.W.3d 522, 530–32 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000)).