COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-068-CR
NO. 2-03-069-CR
  
  
RAY 
MITCHELL WILKERSON                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
OPINION ON STATE’S 
PETITION FOR DISCRETIONARY REVIEW
 
------------
        The 
State has filed a petition for discretionary review in the Texas Court of 
Criminal Appeals. Pursuant to Texas Rule of Appellate Procedure 50, we withdraw 
our May 27, 2004 opinion and judgments and substitute the following opinion and 
accompanying judgments.[1]
        A 
jury convicted Appellant Ray Mitchell Wilkerson of causing serious bodily injury 
to a child under fifteen and causing bodily injury to a child under fifteen and 
assessed his punishment at thirty years’ confinement and ten years’ 
confinement probated, respectively. The two child complainants are his sons. The 
trial court sentenced Appellant in accordance with the jury verdict. He brings 
two points, arguing that the trial court erred in admitting his statement to 
Child Protective Services (CPS) investigator Deanna Lane-Martines regarding the 
injury to a child–bodily injury case and that the trial court erred in failing 
sua sponte to instruct the jury regarding the burden of proof for extraneous 
offenses admitted at punishment.
Injury To A 
Child–Bodily Injury Conviction: Cause No. 2-03-069-CR
        Deanna 
Lane-Martines, an investigator with CPS, met with Appellant at the Crowley jail. 
She interviewed him regarding the injury to a child–bodily injury charges. The 
injuries consisted of marks caused by a belt. Appellant admitted to Lane-Martines 
that he had spanked the complainant because he had repeatedly soiled his pants.
        At 
trial, Appellant objected to Lane-Martines’s testimony “based on the fact 
she is employed by a state agency, she questions defendants about what crimes 
that could occur against children, and she turns these questions over to law 
enforcement agencies that become parts of their files and are used to result in 
the arrest of citizens on charges.” On appeal, Appellant’s complaint is that 
the CPS investigator failed to inform Appellant of his statutory warnings. The 
State argues that the objection at trial does not comport with the complaint on 
appeal. The State also argues that the record is silent as to whether Appellant 
was given the proper warnings.
        Although 
the objection at trial is composed of the arguments explaining why the statutory 
and constitutional warnings were required, that is, because the investigator was 
a law enforcement agent, we hold the objection was sufficient to put the judge 
on notice that Appellant was arguing that the CPS investigator was an agent of 
the police and was, therefore, required to provide the requisite warnings.[2] We therefore hold that Appellant preserved this point.
        When 
a defendant moves to suppress a statement, the burden shifts to the State to 
show that the proper warnings were given.[3]  
Appellant proved that
•      Lane-Martines 
interrogated him about his culpability concerning the instant offense in the 
Crowley jail with no attorney present;

•      he 
was incarcerated for the instant offense at the time;
•      she 
was employed by a state agency;
•      she 
knew when she went to the jail to interview Appellant that, when she questioned 
a defendant and made documentation of what he told her, the report of the 
questioning would be forwarded by duty of law to the police agencies;
 
 •      she 
turned over the results of her interrogation to the Crowley police;
and 
that information was used as a basis for prosecuting Appellant.[4]
        Because 
the record is silent about whether Appellant was warned, the State failed to 
meet its burden to prove that the warnings were given. Consequently, based on 
the unique facts in this case, the trial court erred in overruling Appellant’s 
oral motion to suppress the statement. Because there was no other evidence of 
the injury upon which this conviction was based,[5]  
we cannot say that the error did not contribute to his conviction.[6]  We therefore sustain Appellant’s first point. 
Because our resolution of this point is dispositive of Appellant’s appeal of 
his conviction for injury to a child–bodily injury, we shall address his 
second point only as it relates to his conviction for causing serious bodily 
injury to a child.[7]
Injury To A 
Child–Serious Bodily Injury Conviction:
Cause No. 02-03-068-CR
        In 
his second point, Appellant argues that the trial court erred in failing sua 
sponte to instruct the jury regarding the burden of proof for any extraneous 
crimes introduced at punishment. The record reflects, however, that the State 
pointed out that the punishment charge to the jury lacked a reasonable doubt 
instruction regarding evidence of extraneous offenses. The trial court responded 
that the absence of the charge was “a tactical decision for the defense at 
punishment, because perhaps they don’t want to call attention to it.” The 
court also told the defense that if the defense wanted it, the court would 
include the instruction. In response, Appellant’s trial counsel stated, “I 
understand. I don’t want it.”
        Under 
the doctrine of invited error, a defendant cannot refuse a statutorily mandated 
instruction and then complain on appeal that it was denied him.[8]  
We overrule Appellant’s second point.
Conclusion
        Having 
sustained Appellant’s first point, we reverse his conviction for causing 
bodily injury to a child and remand that cause to the trial court for a new 
trial. Having overruled Appellant’s second point, we affirm the trial 
court’s judgment in the injury to a child–serious bodily injury case.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
  
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
PUBLISH
DELIVERED: 
JULY 22, 2004


NOTES
1.  
See Tex. R. App. P. 50.
2.  
See Tex. R. App. P. 
33.1(a).
3.  
Miranda v. Arizona, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628 (1966); Kelley 
v. State, 817 S.W.2d 168, 173 (Tex. App.—Austin 1991, pet. ref'd).
4.  
See Cates v. State, 776 S.W.2d 170, 171-72 (Tex. Crim. App. 1989).
5.  
See Tex. Penal Code Ann. § 
22.04(a)(3) (Vernon 2003).
6.  
See Tex. R. App. P. 
44.2(a); Williams v. State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997); Jordy 
v. State, 969 S.W.2d 528, 532-33 (Tex. App.—Fort Worth 1998, no pet.).
7.  
See Tex. R. App. P. 47.1.
8.  
Ex parte Shoe, No. 2-02-099-CR, 2004 WL 65163, at *2 (Tex. App.—Fort 
Worth Jan. 15, 2004, no pet. h.) (citing Prystash v. State, 3 S.W.3d 522, 
530-32 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000)).