Affirmed and Majority and Dissenting Opinions filed February 7, 2006









Affirmed
and Majority and Dissenting Opinions filed February 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00631-CR

____________

 

MICHAEL CADETT
MAPES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 949,878

 



 

M A J O R I T Y   O P I N I O N

Appellant Michael Cadett Mapes appeals his
conviction for felony driving while intoxicated (DWI).  In two points of error, appellant complains
that the trial court erred in denying his motion to quash a jurisdictional
paragraph and his motion for directed verdict. 
We affirm.








Background

Appellant was charged with DWI in
2003.  The indictment alleged two
previous DWI convictions to enhance the 2003 offense to felony DWI under
Section 49.09(b)(2) of the Texas Penal Code. 
Tex. Pen. Code Ann. ' 49.09(b)(2)
(Vernon 2003).[1]  Claiming that his 2000 conviction is void,
appellant timely filed a Motion to Quash a Jurisdictional Paragraph of the
Indictment, which the trial court denied. 
At the close of the State=s evidence,
appellant moved for a directed verdict. 
At the close of all the evidence, the trial court found appellant guilty
as charged in the indictment and sentenced appellant to two years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.

 In
his first point of error, appellant contends that the trial court erred in
denying his motion to quash a jurisdictional paragraph.  Appellant argues that because the punishment
assessed in his 2000 DWI conviction fell below the statutorily-authorized
range, the 2000 conviction is void and therefore cannot be used to elevate his
2003 offense to a felony.[2]  According to appellant, the district court
lacked jurisdiction because district courts have jurisdiction only over felony
DWI offenses; appellant=s 2003 offense was not a felony because
the void 2000 conviction could not be used to enhance.[3]  We review a trial court=s ruling on a
motion to quash de novo.  State v.
Moff,  154 S.W.3d 599, 601
(Tex. Crim. App. 2004).








In his second point of error, appellant
alleges that the trial court erred when it denied his motion for a directed
verdict because the evidence was legally insufficient to support his
conviction.  We treat a complaint about a trial court=s failure to grant a motion for
directed verdict as a challenge to the legal sufficiency of the evidence.  Williams v. State, 937 S.W.2d 479, 482
(Tex. Crim. App. 1996).  In evaluating
the legal sufficiency of the evidence, we must view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002). 

We will consider both of appellant=s points of error
together.

Punishment and Void Convictions

In Texas, the punishment assessed must
always be within the minimum and maximum fixed by law; if the punishment
assessed is less than the minimum provided by law, the judgment of conviction
is rendered a nullity.  Mizell v.
State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); Wilson v. State,
677 S.W.2d 518, 524 (Tex. Crim. App. 1984). 
Texas courts consistently have held convictions to be void when prior
enhancing convictions were also void.  See
Wilson, 677 S.W.2d at 524 (finding that a prior conviction was void because
it fell below the statutory range of punishment); Ex Parte Burt, 499
S.W.2d 109, 110 (Tex. Crim. App. 1973) (stating that earlier enhancing
convictions were void because appellant was indigent, was not represented by
counsel, and had not waived his right to counsel); Renshaw v. State, 981
S.W.2d  464, 466 (Tex. App.CTexarkana 1998,
pet. ref=d) (finding
conviction void because State did not prove prior convictions at trial); State
v. Kindred, 773 S.W.2d 766, 768 (Tex. App.CCorpus Christi
1989, no pet.) (finding that earlier convictions were not final and were
therefore void).

DWI Offenses: Classification,
Punishment, and Jurisdiction








Texas Penal Code Section 49.04(b)
classifies the offense of DWI as a Class B misdemeanor and requires a minimum
punishment of seventy-two hours= confinement.  Tex.
Pen. Code Ann. ' 49.04(b). 
The maximum term of confinement for a Class B misdemeanor is 180
days.  Tex.  Pen. Code Ann. ' 12.22 (Vernon
2003).  The offense of DWI enhanced by
one previous DWI conviction becomes a Class A misdemeanor and requires a
minimum term of confinement of thirty days. 
Tex. Pen. Code Ann. ' 49.09(a) (Vernon
2003).  The maximum term of confinement
for a Class A misdemeanor is one year.  Tex. Pen. Code Ann. ' 12.21 (Vernon
2003). The offense of DWI enhanced by two previous DWI convictions becomes a third
degree felony.  Tex. Pen. Code Ann. ' 49.09(b)(2).  The two prior DWI convictions are
jurisdictional elements of a felony DWI offense, and they must be proved to
obtain a felony DWI conviction.  Barfield
v. State, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001). Class A and B
misdemeanor DWI offenses are tried in the county courts, while felony DWI
offenses are tried in either the district courts or the criminal district
courts.  Tex.  Code Crim.  Proc. 
Ann.  arts.  4.05, 4.07 (Vernon 2005).

Appellant=s 2000 DWI

Appellant pleaded guilty to DWI in
2000.  The information for that
conviction described a 1993 conviction for DWI, which elevated the 2000
conviction from a Class B to a Class A misdemeanor.  Tex.
Pen. Code Ann. ' 49.04(a) (Vernon 2003).  Appellant states that in his 2000 guilty
plea, the judge admonished that the maximum punishment for his offense was one
year, which comports with the maximum Class A misdemeanor punishment.  On the 2000 judgment, the judge checked the
box denoting Amisdemeanor@ and circled the
letter AA@ for class of
misdemeanor, as opposed to AB@ or AC.@  However, the judge imposed a punishment of
only twenty-four days, which falls below the minimum punishment required by
statute, and also circled AN/A@ for the APlea to
Enhancement Paragraph(s)@ and the AFindings on
Enhancement(s)@ sections. 

Clearly, the imposed twenty-four day
confinement falls below the minimum thirty-day confinement required by statute
for Class A misdemeanor DWIs.  The judge=s designation of AMisdemeanor Class
A@ combined with the
twenty-four day punishment period indicates that appellant was convicted of a
Class A misdemeanor DWI but was sentenced outside the statutory range for such
an offense.  Because the twenty-four day
sentence falls below the statutory minimum, appellant=s 2000 DWI
conviction is void.  Mizell, 119
S.W.3d at 806; Wilson, 677 S.W.2d at 524.








The State argues that appellant was
actually convicted of a Class B misdemeanor DWI because the judge circled AN/A@ under both the APlea to
Enhancement Paragraph(s)@ and AFindings on
Enhancement(s)@ sections on the 2000 judgment.  The State contends that these notations
indicate that appellant=s 2000 DWI conviction was not enhanced by
his 1993 DWI conviction and that the judge must have circled AA@ in the AMisdemeanor Class@ section  by mistake. 
The State alleges that because appellant=s non-enhanced
2000 DWI conviction was a Class B misdemeanor, the twenty-four day sentence
fell within the applicable seventy-two hour to 180-day statutory range.  However, the State=s analysis is
misguided. 

The State appears to interpret Penal Code
Section 49.09 as a punishment enhancement statute analogous to Penal Code
Sections 12.43 and 12.42, which describe the penalties for repeat and habitual
felony and misdemeanor offenders.   Tex. Pen. Code Ann. '' 12.42, 12.43
(Vernon 2003). However, Texas courts have drawn a clear distinction between
enhancement of a punishment and enhancement of a DWI offense.  Gibson v. State, 995 S.W.2d 693, 696
(Tex. Crim. App. 1999).  As the Court of
Criminal Appeals explained in Gibson:

The prior
intoxication-related offenses, whether they are felonies or misdemeanors, serve
the purpose of establishing whether the instant offense qualifies as felony
driving while intoxicated.  The prior
intoxication-related offenses are elements of the offense of driving while
intoxicated.  








Id.  The court
then concluded that Aprior intoxication-related convictions
serve the purpose of enhancing the offense in Section 49.09(b) whereas prior
convictions used in Section 12.42(d) serve the purpose of enhancing punishment@ and further noted
that Section 49.09(b) should not be viewed as a punishment-enhancement statute
like Section 12.42(d). Id.; see also Martin v. State, 84 S.W.3d
267, 268B69 (Tex. App.CBeaumont 2002,
pet. ref=d).  Thus, two prior DWI convictions are required
elements of the offense of felony DWI under Section 49.09(b), and the
punishment enhancements under Sections 12.42 and 12.43 do not apply in the
felony DWI context.  Gibson, 995
S.W.2d at 696; see also Weaver v. State, 87 S.W.3d 557, 560 (Tex.
Crim. App. 2002); Barfield, 63 S.W.3d at 448.  Likewise, one prior DWI is a required element
of the offense of Class A misdemeanor DWI under Section 49.09(a), to which the
punishment enhancements under Sections 12.42 and 12.43 do not apply.  Gibson, 995 S.W.2d at 696.  Because the punishment enhancements in
Sections 12.42 and 12.43 are inapplicable in the context of enhanced DWI offenses,
pleas and findings regarding punishment enhancements are unnecessary.  See Barfield, 63 S.W.3d at 448
(stating that separate plea to enhancement paragraphs was unnecessary in felony
DWI case because previous DWI convictions are elements of the felony DWI
offense).  

Consequently, rather than indicating that
appellant had been convicted of a Class B misdemeanor, the trial judge=s notation of AN/A@ in the
enhancement sections of the 2000 DWI judgment reflects that enhancement pleas
and findings were inapplicable and unnecessary in that case.  This interpretation of the judgment is also
consistent with the trial judge having classified the offense as a Class A
misdemeanor.  In light of the above
precedent and the logical implications of the judge=s markings, we
find that the judgment convicted appellant of a Class A misdemeanor DWI but
sentenced him below the minimum statutory requirement of thirty days.  Consequently, the 2000 conviction is void.








Nevertheless, we find that appellant is
estopped from complaining about his void 2000 conviction on appeal because he
enjoyed the benefit of the twenty-four day sentence.  A defendant has an absolute and nonwaivable
right to be sentenced within the proper range of punishment established by the
legislature.  Speth v. State, 6
S.W.3d 530, 532-33 (Tex. Crim. App. 1999). 
However, even if a defendant cannot waive such a right, the doctrine of
invited error may estop him from asserting it on appeal.  Ex Parte Shoe, 137 S.W.3d 100, 102  (Tex. App.CFort Worth 2004,
pet. granted).  In Shoe, the
appellant was convicted of DWI in 1997 pursuant to a plea bargain
agreement.  Id. at 100.  The trial judge sentenced Shoe to forty days
in jail but failed to impose a mandatory 
minimum fine.  Id.  In 2002, Shoe applied for a writ of habeas
corpus, arguing that his 1997 conviction was void because the punishment fell
below the minimum statutory requirement. 
Id.  The trial court denied
Shoe=s application for
habeas corpus.  Id.  The Court of Appeals held that Shoe was
estopped from challenging the void 1997 conviction because he had accepted the
benefit of the lesser sentence when he entered into the plea bargain agreement
and benefited by not having to pay the fine. 
Id. at 102.  Similarly,
appellant entered into a plea bargain agreement in 2000 and benefitted from the
short twenty-four day sentence.  As the
court stated in Shoe:  AAppellant should
not now be permitted to challenge the lesser sentenceCthe benefit he
received and for which he bargainedCbecause events
since the sentence was assessed now make that sentence less appealing to him.@  Id. at 102-03.

We find that the evidence is legally
sufficient to support appellant=s felony DWI
conviction.  Because appellant is
estopped from challenging his 2000 DWI conviction, viewing the evidence in a
light most favorable to the verdict, we find that a reasonable trier of fact
could have found that the State proved beyond a reasonable doubt that appellant
had at least two prior valid convictions for DWI.  Therefore, the trial court=s denial of appellant=s motion for a
directed verdict was proper.  

Similarly, we find that the trial court
did not err by denying appellant=s motion to quash
a jurisdictional paragraph because having proved that appellant had two prior
DWI convictions, the State established the requisite elements of felony
DWI;  therefore, the district court had
jurisdiction over the case.  Accordingly,
we overrule both of appellant=s points of error
and affirm the judgment of the trial court.

RESPONSE TO
DISSENTING OPINION

The dissent disagrees with the majority=s position that appellant is estopped
from complaining that his 2001 DWI conviction is void because he enjoyed the
benefit of the 24-day illegal sentence. 
The dissent primarily contends that the majority=s analysis is contrary to several
decisions by the Court of Criminal Appeals. 
We believe that those cases are not 
controlling.








First, the dissent cites Mizell v. State, in which the
Court of Criminal Appeals stated that punishments less than the statutory
minimum are illegal, void, and subject to attack on direct appeal, habeas
corpus, or in any court with jurisdiction. 
119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  We do not contest this general principle;
however, we do not believe that Mizell sheds any light on the key issue
of estoppel.  As the Mizell court
specifically noted: AWe need not here address the question of whether a defendant
might, in some circumstances, be estopped from complaining, after he had enjoyed
its benefits, that his sentence was illegal or >void= because it was below the statutory
minimum.@ 
Id. at 807 n.8.

Next, the dissent argues that the majority=s decision conflicts with the Court
of Criminal Appeals= holdings in Ex Parte Williams, 65 S.W.3d 656 (Tex.
Crim. App. 2001), Fullbright v. State, 818 S.W.2d 808 (Tex. Crim. App.
1991), and Heath v. State.  817
S.W.2d 335 (Tex. Crim. App. 1991). 
However, we find these cases to be distinguishable from the present
case.

For example, the dissent interprets Heath as holding
that principles of estoppel do not apply to void sentences, even when the
defendant has enjoyed the benefits of his plea bargain for an impermissibly
lenient sentence.  However, although the Heath
court addressed the State=s estoppel argument in its opinion, its fundamental holding
does not turn on that issue.

In Heath, a plea bargain case involving an
unauthorized grant of probation, a four-judge plurality held that both the
order placing the defendant on probation and the order revoking his probation
were void because the defendant was ineligible for court-ordered
probation.  817 S.W.2d 335, 337 (Tex.
Crim. App. 1991).  After finding the plea
bargain to be unenforceable, the court remanded the cause to the trial court
with orders that the trial court withdraw the defendant=s plea and that the defendant replead
to the indictment.  Id.  The court relied on Shannon v. State,
which held that Awhen a defendant, who has entered a negotiated plea of
guilty, challenges the conviction and is successful, the appropriate remedy is
specific performance of the plea, if possible, or, if not, withdrawal of the
plea, with both parties, including the State, returned to their original
positions.@ 
Id. at 337 (citing Shannon v. State, 708 S.W.2d 850, 852
(Tex. Crim. App. 1986)) (emphasis in original).








In its opinion on rehearing, the Heath court
reiterated its prior holdings: (1) if a punishment is not authorized by law,
the sentence is void; (2) appellant did not waive the issue by failing to
complain in the trial court because a defect that renders a sentence void may
be raised at any time; and (3) when the void sentence is obtained as a result
of a plea bargain agreement, where specific performance is not an alternative,
the remedy is to order the plea of guilty withdrawn and to return the parties,
including the State, to their original positions.  Id. 
Additionally, the court addressed the State=s argument that estoppel principles
should prevent the defendant from complaining about the State=s motion to revoke the unauthorized
probation because the defendant had enjoyed the benefit of it.  Id. at 338-39.  At the end of its discussion, the court
overruled three cases that seemed to hold that a defendant is estopped from
complaining when the State moves to revoke his probation if that probation was
not authorized in the first place.  Id.
at 339.

Despite this discussion, the Heath court=s fundamental holding on rehearing
does not involve estoppel principles. 
Rather, the Heath court=s holding simply reaffirms the Shannon
holding that Ain plea bargain situations where the defendant successfully
challenges the conviction and specific performance is not an alternative, the
only remedy is to order the plea withdrawn and return the parties to their
original positions.@  Id. at
340.  The court also emphasized that its
reliance on Shannon in its original opinion was proper.  Id.

Furthermore, in Ex Parte Williams, the Court of
Criminal Appeals drew a distinction between unauthorized probation orders and
illegal sentences, and held that the Heath court erred in applying a
legal doctrine regarding sentences to facts involving a probation order.  65 S.W.3d 656, 658 (Tex. Crim. App.
2001).  Although the Williams court
mentioned that the State raised an estoppel argument, Williams does not
control the present estoppel issue because the court=s analysis and holding address only
the distinction between sentences and probation and whether the defendant was
entitled to habeas relief.  Id. at
658.  Because Heath and Williams
involved probation orders rather than sentences and because their holdings
ultimately do not address estoppel, we disagree with the dissent=s conclusion that Williams extends
Heath=s estoppel
analysis to situations involving void sentences.








The dissent also believes that the majority=s position conflicts with the Court
of Criminal Appeals= decision in Fullbright v. State. 818 S.W.2d at 810
.  However, like Heath, Fullbright
involved the unauthorized grant of probation rather than a void
sentence.  Id. at 809-10.  In Fullbright, the defendant, who was
indicted for aggravated robbery, filed a motion to quash an enhancement
allegation, arguing that his prior conviction was void because the court had
ordered unauthorized probation.  Id.
at 809.  Citing Heath, the court
reiterated the general principles that a sentence unauthorized by law is void
and that a defect that renders a sentence void can be raised at any time.  Id. at 810. Without discussing
estoppel, the Court of Criminal Appeals held that the court of appeals erred by
holding that the defendant could not raise the issue on appeal, and it remanded
the cause to the trial court for a new punishment hearing.  Id. at 809, 811.

In addition to the fact that Fullbright addressed an
unauthorized grant of probation rather than a void sentence, we do not consider
it controlling in the instant case because Fullbright focuses on the
concept of waiver rather than estoppel. 
As Justice Keller remarked in her concurring opinion in Williams:
Aestoppel [is] distinct from waiver
and >is part of the definition of what can
constitute error, and quite reasonably defines error of which a party may
complain as excluding those actions of the trial court actually sought by the
party to the tribunal.=@ 65 S.W.3d at 658 (Keller, J.,
concurring); see also Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim.
App. 1999) (explaining in an erroneous jury charge case that there is Aa crucial distinction between the
rules of waiver and the law of invited error,@ and that the doctrine of invited
error is properly thought of as estoppel, not as a form of waiver).  In answering the question of whether Aany error capable of rendering a
judgment or sentence void can be subject to estoppel,@ Justice Keller asserted that all
errors except for subject matter jurisdiction are subject to estoppel and
concluded that Aby accepting the plea agreement, appellant gained a
bargained-for benefit that should now estop him from challenging the trial
court=s authority.@ 
Williams, 65 S.W.3d at 659-60 (Keller, J., concurring). Although Williams
also involved an unauthorized grant of probation, because the issue in the
present case is whether appellant is estopped from complaining about the void
2001 conviction because he enjoyed the benefit of that sentence pursuant to a
plea bargain, we find Justice Keller=s analysis to be more instructive
than the court=s decision in Fullbright.








The dissent cites several cases in support of its assertion
that Acourts of appeals have recognized the
continued validity of the legal doctrines stated in Fullbright and Heath
as applied to illegal sentences rather than probation orders.@ 
We disagree.

In the first case cited by the dissent, Rhodes v. State,
the court referred in a footnote to Fullbright=s holding that Athe State may not rely upon a
punishment that is >not authorized by law= for enhancement purposes.@  175 S.W.3d 348, 352 n.1 (Tex. App.CHouston [1st Dist.] 2004, pet.
filed).  The court also reiterates the
principle that punishments unauthorized by law are void and states that issues
regarding void sentences cannot be waived.  Id. 
However, the issue in the instant case involves enhancement of an
offense, not a punishment, and the Rhodes court, like the Fullbright court,
makes no mention of the effect of estoppel on a void conviction.

Secondly, the dissent notes that in Scott v. State, a
case in which the defendant was not assessed a mandatory fine, the court of
appeals cited Heath and ordered a new punishment hearing even though the
defendant benefitted from an improperly lenient sentence.   988 S.W.2d 947, 948 (Tex. App.CHouston [1st Dist.] 1999, no pet.).
The court reasoned that a sentence outside the statutory limits is absolutely
void and cannot be waived. Id. 
Importantly, however, this case was decided before Williams.
Furthermore, like Fullbright, Scott does not address the
difference between estoppel and waiver and it focuses on punishment rather than
enhancement of an offense.

Finally, the dissent correctly states that in Ortiz v.
State, this court cited Heath in discussing the law regarding
illegal sentences.  Nos.
14-00-00646-CR, 14-00-00647-CR, 14-00-00648-CR, 2001 WL 1249257, at *1 (Tex.
App.CHouston [14th Dist.]  October 18, 2001, no pet.) (not designated
for publication).  However, Ortiz merely
reiterates the established principle that illegal sentences are void; it does
not address estoppel.  Id.








For these reasons, we believe that reliance on Ex Parte
Shoe is proper in this case and that appellant is estopped from complaining
about his void prior conviction because he enjoyed the benefit of the lesser
sentence.  137 S.W.3d 100, 102  (Tex. App.CFort Worth 2004, pet. granted).

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed February 7, 2006.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost. (Frost, J. dissenting)

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Documents
admitted at trial show that appellant had been convicted of DWI in 1993 and in
2000.





[2]  A conviction
for felony DWI requires proof of two prior DWI convictions. Tex. Pen.
Code Ann. ' 49.09(b)(2).  See also Barfield v. State, 63 S.W.3d 446, 448 (Tex. Crim.
App. 2001). 





[3]  Tex. Pen.
Code Ann. ' 4.05 (Vernon 2005) (stating that
felony DWI offenses are tried in either the district courts or the criminal
district courts).