# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00767-CR
NO. 03-08-00768-CR

**Ex parte Prakashandand Saraswati**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR08272 & CR08273, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Prakashandand Saraswati is awaiting trial on two indictments, each accusing him of ten counts of indecency with a child by contact.[1]  Appellant applied for a writ of habeas corpus to challenge a condition of his bail bonds.  The writ issued and, after a hearing, relief was denied.  This appeal followed.

Appellant is a prominent Hindu spiritual master and teacher.  He is the leader of JKP-Barsana Dham, a movement within the Hindu faith with a world-wide membership.  The North American headquarters for this movement is the Barsana Dham community in Hays County, site of a temple, appellant's residence, and the residences of a number of appellant's followers.  It is also

---

[1] The indictment in cause number CR08272 alleges that appellant touched the breasts of the complainant, S.R., on ten occasions between September 1, 1993, and January 15, 1994.  The indictment in cause number CR08273 alleges that appellant touched the breasts of the complainant, V.T., on ten occasions between September 1, 1995, and January 15, 1996.  *See* Tex. Penal Code Ann. § 21.11(a)(1), (c)(1) (West 2003).

the location where the alleged criminal acts took place. As a condition of his release, appellant's bail bonds require that he not physically enter the Barsana Dham property at any time.[2] Appellant urges that this condition violates both the statutes governing pretrial bail and his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

**BACKGROUND**

The indictments were filed on April 2, 2008, and we infer from the record that appellant's bail was initially set at $500,000 in each cause. On April 16, the district court increased appellant's bail to $1,000,000 in each cause and ordered, as a condition of bond, that appellant surrender his passport.[3]

On April 25, 2008, the State filed a motion to impose two additional bond conditions: (1) that appellant have no contact with persons under the age of eighteen, and (2) that appellant remain at least 200 yards from the Barsana Dham property. On the same date, appellant moved to reduce his bail to $500,000 in each cause. Both motions were granted. In orders signed on April 25, the district court reduced bail in each cause to $500,000 and conditioned any bond on appellant having no unsupervised contact with children under the age of seventeen, surrendering his passport, and remaining at least 200 yards from Barsana Dham. As an exception to the third condition, the order permitted appellant to go to Barsana Dham for religious activities on the weekend of April 26, 2008. On April 28, the court modified the order to permit appellant to go to Barsana Dham

---

[2] The record reflects appellant is presently living in a house a short distance from Barsana Dham.

[3] Appellant is a United States citizen and holds a United States passport.

2

for religious activities through May 2, 2008. Bonds incorporating the court's conditions were posted on April 26.

On April 30, 2008, appellant filed a motion to amend the conditions of his bonds to permit the return of his passport and to allow him to return to Barsana Dham. A hearing on this motion was held on May 14. At the hearing, appellant's counsel told the court, "We'd like to focus on the returning of the passport and travel to India as a change in conditions." Appellant offered evidence regarding his prominence in the Hindu community and the importance of his being allowed to officiate at events in India during the next several months. A member of the Barsana Dham community, Peter Spiegel, testified that he was able and willing to pledge $10,000,000 if the court would permit appellant to travel to India. Following a recess during which it appears that there was an unreported conference involving the court and counsel for both parties, the court announced, "[J]ust for the record, the passport will be returned with the additional conditions that you have agreed on, including the new bond." Appellant's counsel responded, "That's correct, Your Honor."

The agreement reached by the parties on May 14 was incorporated into a document styled "agreed additional stipulations and conditions of bond" that was filed on May 16, 2008. The written agreement stated that: (1) appellant "acknowledges the receipt from the State of his United States passport"; (2) Spiegel agrees to be "the guarantor of a $10,000,000 personal bond that shall be given"; and (3) appellant "acknowledges and agrees that he shall not physically enter the Barsana Dham property in Hays County at any time." The agreement was signed by appellant, appellant's counsel, Spiegel, and counsel for the State. On May 14 and June 20, the district court signed orders amending the conditions of appellant's bonds to incorporate the agreement. Appellant subsequently

posted a $1,000,000 bail bond in cause number CR08272 and a $10,000,000 personal bond guaranteed by Spiegel in cause number CR08273. Both bonds incorporate by reference the conditions ordered by the district court on April 25 and May 14.

On August 13, 2008, appellant filed another motion to modify the conditions of his release. In the motion, appellant described the ongoing schedule of religious activities at Barsana Dham and appellant's role in them. The motion reminded the court that the alleged offenses occurred over ten years ago and that the complainants no longer live in Texas, and it stated that no one under the age of eighteen currently resides at Barsana Dham. The motion asked that appellant be permitted to return to Barsana Dham to live, practice his religion, and associate with the adults living there.

A hearing on this motion was held on August 20, 2008. Witnesses testified to the significant role appellant plays in the religious life of Barsana Dham. Evidence was also offered regarding appellant's living arrangements at Barsana Dham, and witnesses confirmed that no minors were currently living there. At the conclusion of the hearing, the August 13 motion to modify the conditions of appellant's bonds was overruled.

Appellant filed his habeas corpus applications on September 29, 2008. In each, he complained that he was being unlawfully restrained by the condition of his bonds excluding him from Barsana Dham. He urged that the condition violates his First Amendment freedoms of religion and association, is excessive within the meaning of the Eighth Amendment, does not serve to ensure his appearance for trial, and is not reasonably related to the safety of either the alleged victims or of the community as a whole. Appellant asked that the bond conditions be modified to grant him

4

continuing access to Barsana Dham, subject to the requirement that he have no unsupervised contact with minors. The State filed a written answer opposing the grant of relief on several grounds. On November 24, the district court signed an order denying the requested relief and filed written findings of fact and conclusions of law.

## DISCUSSION

The State asserts that the Court should dismiss this appeal for want of jurisdiction, reasoning that appellant is essentially appealing the overruling of his August 13 motion to modify the conditions of his bonds. In general, no appeal can be taken from an interlocutory order on a motion to alter the terms of pretrial bail. *See Ex parte Shumake*, 953 S.W.2d 842, 844-46 (Tex. App.—Austin 1997, no pet.). On the other hand, courts of appeals have jurisdiction to hear appeals from the denial of relief in habeas corpus proceedings. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991). The State argues that appellant should not be permitted to "bootstrap" an appeal from an otherwise nonappealable interlocutory order by filing a habeas corpus application making the same legal and factual allegations.

The use of habeas corpus to challenge the amount or conditions of pretrial bail is an accepted part of Texas criminal procedure, in part because the denial of habeas corpus relief may be appealed before trial on the merits. *See* 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 16.121 (2d ed. 2001). The use of habeas corpus for this purpose is authorized by both statute and rule. *See* Tex. Code Crim. Proc. Ann. art. 11.24 (West 2005) (person committed to custody for failing to enter into bond is entitled to writ of habeas corpus); *id*. art. 11.64 (chapter eleven applies to use of habeas corpus for admission of prisoners to bail);

5

Tex. R. App. P. 31.1-31.7 (appeals in habeas corpus, bail, and extradition proceedings). There is no dispute that appellant is restrained in his liberty by reason of the conditions of his bail, that appellant challenged this restraint in his habeas corpus application, or that the district court denied the requested relief on the merits. The State's motions to dismiss the appeals for want of jurisdiction are overruled.

Alternatively, the State urges that appellant's challenge to the bond condition that he not enter Barsana Dham was procedurally defaulted. The State argues that appellant waived or forfeited his right to complain of this condition by failing to timely object when the condition was first imposed by the court. Moreover, the State argues that appellant was estopped from complaining of the condition in his habeas corpus application because he expressly agreed to the condition in the district court.

The district court granted the State's April 25, 2008, motion to bar appellant from Barsana Dham on the day the motion was filed and, so far as the record reflects, without first conducting a hearing. Under the circumstances, appellant cannot be faulted for failing to voice an objection to the condition at that time. However, after moving on April 30 to have this condition set aside, appellant effectively abandoned his objection to the condition at the May 14 hearing. At that hearing, appellant chose to focus entirely on his request to have his passport returned in order to travel to India. Most significantly, appellant and his counsel reached an agreement with the State, adopted by the district court at the conclusion of the hearing, under which appellant's passport was returned, the $10,000,000 personal bond was agreed to, and appellant agreed in writing to the condition that he "shall not physically enter the Barsana Dham property in Hays County at any

6

time."[4]  Thereafter, appellant posted bond and voiced no further complaint regarding the condition at issue until August 13, when he filed another motion to modify the conditions of his bonds.

In his brief, appellant argues that a habeas corpus petition challenging the legality of one's restraint or confinement can be filed at any time. This may be true, but it does not answer the State's argument that appellant, by agreeing to the condition that he not return to Barsana Dham, waived or is estopped from asserting his contention that the condition is unlawful. At oral argument, appellant argued that the code of criminal procedure permits the reconsideration of the terms of a bail bond at any time in order to allow for a change in circumstances. *See* Tex. Code Crim. Proc. Ann. art. 17.09, § 3 (West Supp. 2008). But appellant did not allege in his habeas corpus application that there had been any material change in circumstances since the May 14 hearing. To the contrary, the arguments appellant now makes against the condition barring him from Barsana Dham echo the arguments he made against the condition in his April 30 motion to amend, before he ultimately agreed to the condition. Appellant's inability to return to Barsana Dham was no less a hindrance to his ability to practice his religion or associate with his followers in May than it was in August, or than it is today.

A party may be estopped from asserting a claim that is inconsistent with that party's prior conduct. *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003). The terms of appellant's bail bonds, including the condition that he not enter the Barsana Dham property at any

---

[4] Appellant asserts in his brief that his counsel at the hearing, during an in-chambers conference, reserved the right to challenge this condition following appellant's return to the United States from India. The State denies this and, in any case, appellant concedes that there is no support for this assertion in the record.

time, were negotiated by appellant's counsel at the May 14 hearing and memorialized in the May 16 written stipulation and agreement. There is no allegation that appellant did not understand the agreed conditions of his bond or that appellant's acceptance of those conditions was involuntary. Even if a material change of circumstances would permit appellant to challenge the previously agreed-to conditions, he has not alleged changed circumstances. Having negotiated the terms and conditions of his present bonds, appellant is estopped from complaining that those conditions are unlawful. *See Ex parte Shoe*, 137 S.W.3d 100, 102 (Tex. App.—Fort Worth 2004, no pet.).

The order denying relief in these causes is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: June 24, 2009

Do Not Publish

8